IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RANDY LOYD TURPEN                                                                                     PLAINTIFF

v.                         Civil No. 11-2133

SGT. RITTER; OFFICER
COODY; INMATE JERAMY
MIMMIS; OFFICER PARTAIN;
OFFICER STAMPS; OFFICER
KREGGER; NURSE SARA;
NURSE CARREN; NURSE LARRA;
SHERIFF HOLLENBECK; CAPTAIN
CONGER; and OFFICER WAGNER                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Randy Loyd Turpen, currently an inmate in the Arkansas Department of Correction, Grimes Unit, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint concerns events that occurred at the Sebastian County Adult Detention Center. His complaint was filed *in forma pauperis* (IFP) and it is now determined whether it should be served upon the Defendants.

### I. Discussion

According to the allegations of the complaint, on July 7, 2011, Plaintiff was attacked by fellow inmate Jeremy Mimmis. Plaintiff's claims against Mimmis are subject to dismissal. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. "Section 1983 secures most constitutional rights from infringement by

-1-

governments [or individuals employed by governmental entities], not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588 (8th Cir. 2004). A private individual does not act under color of law. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999).

## II. Conclusion

I therefore recommend that Plaintiff's claims against Jeramy Mimmis be dismissed with prejudice on the grounds that the claims are frivolous and fail to state claims upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any portion thereof, may be dismissed on such grounds at any time). However, we note that service of the complaint on the remaining Defendants will be directed by separate order.

**Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2011.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE